J-S06012-21

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| KAZAIR GIST | : | |
| | : | |
| Appellant | : | No. 1227 EDA 2020 |

Appeal from the PCRA Order Entered May 14, 2020
In the Court of Common Pleas of Bucks County
Criminal Division at No(s):  CP-09-CR-0003596-2012

BEFORE:   PANELLA, P.J., NICHOLS, J., and PELLEGRINI, J.[*]

MEMORANDUM BY PANELLA, P.J.:                **FILED APRIL 15, 2021**

Kazair Gist appeals from the order entered in the Bucks County Court of Common Pleas on May 14, 2020, denying and dismissing his petition filed pursuant to the Post Conviction Relief Act ("PCRA"), 42 Pa. C.S.A. §§ 9541-9546.[1] For the reasons discussed below, we find the PCRA court properly denied Gist relief and affirm.

We previously summarized the pertinent facts on direct appeal as follows.

> On December 28, 2011, [Gist], Jermaine Jackson, Breon Powell, Tatyana Henderson, and Danasia Bakr traveled from Trenton, New Jersey to Levittown, Bucks County, in order to rob Daniel

---

[*] Retired Senior Judge assigned to the Superior Court.

[1] The order additionally noted that the PCRA court and the Commonwealth agreed that Gist was entitled to relief in the form of resentencing while concluding that all other issues raised were without merit.

DeGennaro at gunpoint. While casing Mr. DeGennaro's residence, Ms. Henderson placed a call to a phone number listed on a sign advertising the sale of a used car which was parked in the rear of Mr. DeGennaro's home. Unbeknownst to the group, Mr. DeGennaro allowed a neighbor to park the car in his back driveway. Ms. Henderson made contact with Mr. DeGennaro's neighbor, Nicholas Miller, and feigned interest in the car.

Shortly thereafter, [Gist], Mr. Jackson, and Mr. Powell entered Mr. DeGennaro's home. Ms. Henderson operated as a look-out, and Ms. Bakr remained in the car. The three men entered Mr. DeGennaro's residence armed with a shotgun and a nine-millimeter handgun, and intended to recover money that the victim purportedly owed to Mr. Jackson. During a scuffle, the conspirators fired two shots at Mr. DeGennaro, striking him once. Mr. DeGennaro perished from the gunshot. The three men fled from the scene, met with the women, and returned to New Jersey.

An investigation ensued. Mr. Miller reported to police that he received a strange phone call regarding the used vehicle parked in Mr. DeGennaro's backyard shortly before his death. Investigating officers reviewed phone records and call logs and established that Ms. Henderson had placed the call to Mr. Miller from an area within 300 yards of Mr. DeGennaro's house. A review of Ms. Henderson's phone records also indicated that she had communicated with Ms. Bakr and Mr. Jackson around the time of the incident. Further investigation placed those phones, as well as Mr. Powell's and [Gist]'s phone, in close vicinity to Mr. DeGennaro's home at the time in question. Eventually, the police utilized wiretaps to monitor the cellular handsets associated with Ms. Henderson, Ms. Bakr, and Mr. Jackson wherein they recorded evidence of the murder and attempted cover up. Ms. Bakr also made statements to police implicating herself, Ms. Henderson, Mr. Jackson, Mr. Powell, and [Gist], in the shooting death of Mr. DeGennaro.

[Gist] was arrested on March 29, 2012. On August 10, 2012, he filed an omnibus pre-trial motion seeking, in part, the suppression of wiretap evidence obtained by the Commonwealth. Following numerous hearings, the trial court denied that motion.

*See Commonwealth v. Gist*, 1370 EDA 2014 (Pa. Super. filed September 25, 2017) (unpublished memorandum).

A jury found Gist guilty of criminal homicide, conspiracy to commit robbery, robbery, conspiracy to commit burglary, burglary, and possession of an instrument of crime. He was sentenced to an aggregate term of fifty-two to one-hundred-and-four years' imprisonment. Gist filed a post-sentence motion which was denied.

On April 24, 2014, Gist filed a timely notice of appeal to this Court. In an unpublished memorandum, we rejected Gist's claims and affirmed his judgment of sentence. **See Gist**, 1370 EDA 2014 (Pa. Super. filed September 25, 2017) (unpublished memorandum). On April 3, 2018, the Pennsylvania Supreme Court denied Gist's petition for allowance of appeal. Gist did not appeal to the United States Supreme Court.

On April 1, 2019, Gist filed a timely *pro se* PCRA petition. Counsel was appointed who filed an amended PCRA petition on October 25, 2019. Following a hearing, the PCRA court and the Commonwealth agreed Gist was entitled to resentencing due to his age at the time of the offense. **See** N.T., 12/3/2019, at 3-4.

At the direction of the trial court, Gist then filed another amended PCRA petition. A hearing was held on the amended petition on February 10, 2020. Following the hearing, the PCRA court issued notice of its intent to dismiss the PCRA petition. After receiving both a *pro se* and counseled answer to the notice of intent to dismiss, the PCRA court subsequently denied Gist's PCRA petition. This timely appeal followed.

On appeal, Gist asserts the PCRA court erred by denying his claim that cell phone data, specifically call detail records of the co-defendants between December 2011 and February 2012,[2] was unconstitutionally obtained without a warrant in violation of **Riley v. California**, 573 U.S. 373 (2014), **United States v. Wurie**, 573 U.S. 373 (2014), and **Carpenter v. United States**, ___ U.S. __, 138 S.Ct. 2206 (2018).[3]

In 2012, Pennsylvania permitted a provider of electronic communication services to disclose "a record or other information pertaining to a subscriber to or customer of service," other than contents of communications, to law enforcement officers when officers used one of several means, including a grand jury subpoena. 18 Pa.C.S.A. § 5743(c)(2). Pursuant to this statute, the police obtained many cellphone records in this case through grand jury subpoenas.

On June 22, 2018, the United States Supreme Court held, for the first time, that law enforcement officials violated an individual defendant's Fourth

---

[2] By obtaining call detail records for the co-conspirators in this case, police determined that each had traveled from Trenton to Levittown, where the murder occurred, and back again on December 28, 2011, and that all were in the area of the murder around the time of the murder.

[3] In his amended PCRA petition, Gist raised additional issues including ineffective assistance of counsel, admission of a firearm, a claim against consolidation of his case with that of his co-defendant, and sufficiency of the evidence. Gist additionally included these claims in his concise statement of matters complained of on appeal. However, on appeal, Gist has only raised a single issue, listed above, for our review.

Amendment rights by obtaining his historical cell site location information from a third party carrier without first obtaining a search warrant supported by probable cause. *See Carpenter*, 138 S.Ct. at 2216.

According to Gist, *Carpenter* was issued during his direct appeal and therefore the historical location information was illegally obtained from his cellphone. Gist also cites *Fulton*, in which our Supreme Court held that accessing information from a cellphone without a warrant is unconstitutional under United States Supreme Court precedent, including *Riley* and *Wurie*. According to Gist, since *Carpenter* was issued during his direct appeal, the historical location information obtained from his cellphone should not have been admitted. Gist is not entitled to relief.

A PCRA petitioner is not eligible for relief if the allegation of error has been previously litigated or waived. 42 Pa.C.S.A. § 9543(a)(3). An issue is waived if it could have been raised but was not, before trial, at trial, during unitary review, on appeal or in another state post-conviction proceeding. 42 Pa.C.S.A. § 9544(b).

A review of the record shows that no motion was made to suppress the phone record evidence on fourth amendment grounds. Although Gist does not explicitly use the terminology, his argument is essentially a suppression issue. *See* Appellant's Brief, at 19-20 (arguing admission of the cell phone data was not harmless error and requesting a new trial without unconstitutionally obtained evidence). Gist should have raised the issue of whether his cell phone

records were illegally obtained in a pretrial suppression motion. **See** Pa.R.Crim.P. 578, 581. Gist's failure to do so precludes him from seeking relief during collateral review.

Assuming, for the sake of argument, that Gist's case was pending on direct appeal when **Carpenter** was issued,[4] "in order for a new rule to apply to a case pending on direct appeal, the issue must be preserved at all stages of adjudication, including at trial and on direct appeal." **Commonwealth v. Hays**, 218 A.3d 1260, 1267 (Pa. 2019).[5] Our review of the record demonstrates that Gist did not raise this argument during trial proceedings, in this Court on direct appeal, or in his petition for allowance of appeal to the Pennsylvania Supreme Court. **See also** Appellant's Brief, at 17-18 (admitting

_____

[4] The Commonwealth notes that there is no case law deciding the issue of whether a case that has been finally decided by the state appellate courts is still considered "on direct appeal" for purposes of determining whether a new constitutional rule applies merely because the time for filing a petition for certiorari to the United States Supreme Court has not yet passed. It argues that the issue of finality of the judgment of sentence under the PCRA statute should not control the issue of what is considered "on direct appeal" for purposes of deciding the applicability of a newly recognized constitutional right. Specifically, the Commonwealth argues that since Gist had no recourse in the state courts at the time **Carpenter** was decided, it makes little sense for him to gain the benefit of its application. As we find Gist has failed to preserve his issue for our review, we need not reach this matter.

[5] Chief Justice Saylor joined Justice Mundy's lead opinion, while also penning a concurrence. In his concurrence, the Chief Justice indicated that he was willing to re-evaluate this requirement when an appellant provided focused advocacy on whether the preservation requirement was unfair under the circumstances of a particular case. Therefore, Justice Mundy's lead opinion garnered the votes of four Justices and is binding upon this Court.

to having not raised the issue prior to this PCRA petition, claiming this was his first opportunity to raise the issue). Gist's failure to preserve this issue bars him from raising it now.

For these reasons, the PCRA court properly denied relief to Gist.

Order affirmed.

*Judgment Entered.*

*Joseph D. Seletyn, Esq.*
*Prothonotary*

Date: <u>4/15/2021</u>